United States Courts
Southern District of Texas
ENTERED

OCT 1 2 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATHAN GORDON, II, <br> TDCJ-CID #1133733, <br><br> Petitioner, <br><br> v. <br> DOUGLAS DRETKE, <br><br> Respondent. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. H-05-3414 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Nathan Gordon, II, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court convictions. After considering the pleadings and the applicable law, the Court concludes that the petition must be **DISMISSED** for the reasons that follow.

### I. BACKGROUND

According to his petition, Gordon pleaded no contest to aggravated robbery and aggravated assault on a public servant on November 1, 2002, under cause numbers 907,550; 907,002; and 907,001, in the 209th District Court of Harris County, Texas. Gordon was sentenced to forty years confinement in TDCJ. His timely filed *pro se* motion for new trial, alleging ineffective assistance of counsel, was overruled by operation of law. On direct appeal, Gordon argued that the trial court abused its discretion in failing to conduct a hearing on his motion for new trial. The court of appeals affirmed, and held that because Gordon

failed to present the motion to the trial court as required by state rules of appellate procedure, no error was shown. *Gordon v. State*, 2004 WL 907842 (Tex. App. – Houston [14th Dist.] 2004, pet. ref'd) (not designated for publication). His petition for discretionary review was refused. Gordon's petition does not show that an application for state habeas relief was filed.

In this pending federal habeas petition, Gordon complains that the state appellate courts denied him due process by refusing to grant relief. Given a liberal construction, his petition challenges the state court's failure to set a hearing on his motion for new trial.

## II. ANALYSIS

As his sole point of error on direct appeal, Gordon argued that under state law, the trial court was required to hold a hearing on his timely-filed motion for new trial as it raised matters not determinable from the record. In rejecting this argument, the Fourteenth Court of Appeals held that state rules of appellate procedure required Gordon not only to timely file his motion for new trial, but to "present" it to the state court within specified time limits. *Gordon*, at *2. The court of appeals found that although Gordon filed his motion for new trial, nothing in the record showed that he brought the motion to the trial court's attention; that is, there was no evidence that he "presented" the motion to the trial court by requesting a hearing. *Id.* Finding no error, the court of appeals affirmed Gordon's convictions.

In this pending petition, Gordon asks the Court to revisit the propriety of the trial court's failure to set a hearing on his motion for new trial. His claim of entitlement to a hearing under state rules of appellate procedure raises no grounds for federal habeas relief. This Court does not sit as a "super state supreme court" in such a proceeding to review errors

under state law. *See Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970). It is a well-settled principle that federal habeas relief lies only to rectify a violation of federal constitutional rights. *Montoya v. Scott*, 65 F.3d 405, 418-20 (5th Cir. 1995). Gordon fails to show that the trial court's denial of a hearing under state law constituted a violation of any constitutional right, and no basis for federal habeas relief is shown. *See Boyd v. Puckett*, 905 F.2d 895, 896 (5th Cir. 1990).

To the extent Gordon now argues that the state court's failure to set a hearing denied him federal due process, his claim is procedurally barred. The state court on direct appeal clearly found that Gordon failed to follow state procedural rules regarding motions for new trial. Gordon's non-compliance with state procedural requirements stands as independent and adequate ground for denial of his claim, and his claim has been procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Gordon has not made a colorable showing of actual innocence nor has he presented any argument of cause and prejudice for his failure to properly raise the claim in state court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This Court is barred from considering the merits of Gordon's due process habeas ground.

### III. CONCLUSION

The petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 10th day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE